IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK LEWIS PARENT, ID # 1023963,  )<br>       Petitioner,  )<br>vs.  )<br>  )<br>NATHANIEL QUARTERMAN,[1] Director,  )<br>Texas Department of Criminal  )<br>Justice, Correctional Institutions Division,  )<br>       Respondent.  ) | No. 3:04-CV-0256-N (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction for aggravated sexual assault in Cause No. F00-01404-UJ. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural and Factual History**

On October 9, 1998, the State indicted petitioner for allegedly sexually assaulting his girlfriend's eight-year-old daughter on or about May 31, 1998. TR[2] at 2 (indictment); Reporter's

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

[2] "TR" refers to the state trial record in Cause No. F95-41637-VK.

Record, Vol. II at 8-30 [hereinafter cited as RR-volume # at page] (testimony of complainant).

At trial, the State presented evidence of the May 1998 sexual assault and a later sexual assault that occurred while petitioner, the complainant, and her mother vacationed in Iowa. Petitioner's attorney requested no limiting instruction regarding the extraneous sexual assault. He also failed to request an instruction which informed the jury that they had to find that petitioner committed the extraneous offense beyond a reasonable doubt before they could consider such offense for any purpose. In addition, he lodged no objection to the trial court's failure to *sua sponte* include the latter instruction at punishment.

On January 18, 2001, a jury convicted petitioner of aggravated sexual assault. RR-III at 1, 32. The trial court instructed the jury that the punishment for such crime ranged from five years to life imprisonment. TR at 40. On January 19, 2001, the jury assessed punishment at ten years imprisonment, and the trial court sentenced him consistently with that assessment. RR-IV at 4-5. On February 22, 2002, the court of appeals affirmed the conviction. *Parent v. State*, No. 05-01-0666-CR, 2002 WL 253927, at *1 (Tex. App. – Dallas Feb. 22, 2002, pet. ref'd).

On July 1, 2003, petitioner filed a state application for writ of habeas corpus. S.H. Tr.[3] at 2. On October 15, 2003, the Texas Court of Criminal Appeals denied that application without written order. *Ex parte Parent*, No. 56,772-01, slip op. at 1 (Tex. Crim. App. Oct. 15, 2003).

On February 6, 2004, petitioner filed the instant petition for federal habeas relief. (*See* App. Writ of Habeas Corpus (App.) at 1.) Respondent thereafter filed an answer and provided the state-court records.

---

[3] "S.H. Tr." denotes the state habeas records attached to *Ex parte Parent*, No. 56,772-01, slip op. (Tex. Crim. App. Oct. 15, 2003).

C. <u>Substantive Issues</u>

Petitioner claims that he is being held unlawfully by respondent because his trial attorney rendered ineffective assistance by failing to request a limiting instruction regarding the Iowa extraneous offense; failing to request an instruction regarding a State requirement that the jury find that petitioner committed that extraneous offense beyond a reasonable doubt before considering it for any purpose; and failing to object to the court's failure to *sua sponte* include the latter instruction at punishment. (App. at 4; Mem. Supp. at 8-12.)

D. <u>Exhaustion</u>

Respondent concedes that petitioner has sufficiently exhausted his state remedies with respect to the claims raised in the instant action. (Answer at 3.)

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

In this case, the denial of petitioner's state writ constitutes an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). The AEDPA standards enumerated in 28 U.S.C. § 2254(d) thus apply to the petitioner's claims.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established

4

federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

With these AEDPA standards in mind, the Court proceeds to address the merits of petitioner's claims.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims that his trial attorney rendered ineffective assistance by (1) failing to request a limiting instruction regarding the Iowa extraneous offense; (2) failing to request an instruction regarding the requirement that the jury find that petitioner committed that extraneous offense beyond a reasonable doubt before considering it for any purpose; and (3) failing to object to the court's failure to sua sponte include the latter instruction at punishment. (App. at 4; Mem. Supp. at 8-12.)

The Sixth Amendment to the United States Constitution provides criminal defendants a right to effective assistance of counsel during trial. U.S. CONST., art. VI. To successfully state a claim of ineffective assistance of counsel under Supreme Court precedent, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Id.* at

5

696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of ineffective assistance of trial counsel, the prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). To show prejudice in the sentencing context, petitioner must demonstrate "a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993); *see also United States v. Grammas*, 376 F.3d 433, 438 n.4 (5th Cir. 2004) (holding that *Spriggs* survived *Glover v. United States*, 531 U.S. 198 (2001) in the § 2254 context). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Petitioners must "affirmatively prove prejudice." *Id.* at 693. They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012

6

(5th Cir. 1992). Conclusory allegations, furthermore, are insufficient to obtain habeas relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Although the Court recognizes that counsel may have rendered deficient representation as alleged by petitioner, *see* S.H. Tr. at 21-22 (Aff. of Talkington); *Law v. Cockrell*, No. 4:03-CV-131-A, 2003 WL 21555322, at *3-6 (N.D. Tex. July 3, 2003) (finding constitutionally deficient performance on similar failures of counsel and recommending denial of federal habeas petition), petitioner fails to show that he was prejudiced by any deficiency of counsel. He has shown no reasonable probability that, had his attorney requested the identified instructions or objected to the trial court's failure to *sua sponte* instruct the jury, the outcome of his trial would have been different. He has shown nothing that undermines confidence in the jury verdict. The alleged deficient performance does not render the result of the trial unreliable or the proceeding fundamentally unfair. Furthermore, with respect to the alleged deficiencies at punishment, petitioner has shown no reasonable probability that he would have received a less harsh sentence had his attorney requested the omitted instructions and objected to the omission at punishment.[4] Notably, petitioner received a ten-year sentence for a crime that carries a punishment range of five years to life imprisonment. For all of these reasons, petitioner has not shown that he was prejudiced by the alleged deficiencies of counsel. Consequently, his claims of ineffective assistance of counsel fail, and he is entitled to no federal habeas relief.

---

[4] Although the Court recognizes that in a § 2254 action the petitioner must show a reasonable probability that he would have received a significantly less harsh sentence, it specifically finds that petitioner has not even shown that he meets the less onerous standard established in *Glover* for § 2255 actions.

## IV. EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 28th day of August, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE